### J. B. EMERSON *v.* J. G. LEE.

A contract produced by violence or threats is void, although the party in whose favor the contract is made, did not exercise the violence or make the threats, and although he were ignorant of them.

Where a payment was received under duress, the plaintiff must prove that he offered to return the identical notes in which the payment was made.

APPEAL from the Sixth District Court of New Orleans, *Leaumont, J. Durant & Hornor*, for plaintiff. *C. Roselius*, for defendant.

HOWELL, J. This suit is brought to recover the amount of a note made by defendant, on the 27th January, 1860, for $1,833 33⅓, payable at two years from its date, at the bank of the Louisiana State Bank, with six per cent. current and eight per cent. eventual interest, and secured by mortgage on property described in the *petition belonging to defendant*, and to have said mortgage recognized and enforced for the payment of said note, for which plaintiff alleges he was forced, by imprisonment, to receive Confederate notes to the amount of $2,053 33, which he has never considered nor treated as a payment of the debt, but has always kept the said Confederate notes without using them, and now tenders them back to defendant. There is a demand also for damages.

The defence is a general denial and the prescription of one year.

There was judgment in favor of plaintiff for the amount of the note and interest, with the rights of mortgage, without prejudice to bona fide motgages, inscribed subsequent to the illegal erasure, and for the defendant on the claim for damages, from which judgment defendant appealed.

The plea of prescription applies to the demand for damages, but not to the main action, which is to recover the amount of a note alleged to be yet unpaid.

It appears that defendant, about the time his note became due, in January, 1862, and after, called several times on plaintiff and offered to pay it in Confederate notes, which the latter persistently refused to accept; that the defendant informed him that he would have to receive them, and threatened to have him reported in a newspaper ; that the Confederate Provost Marshal, hearing of plaintiff's refusal, in another case, had him arrested, on the 24th March, 1862, and confined, while sick, in the Parish jail, until he consented to receive Confederate notes in payment of debts due him ; and that, soon after his release from jail, the defendant called on him and paid the note, at the office of a broker, in Confederate notes. There is no doubt that it was the intention of the Provost Marshal to force the plaintiff to receive Confederate notes *as money*, without depreciation, in all his transactions, and, by means of imprisonment, while in bad health, his consent to do so was extorted ; for said officer says, "that he and other Provost Marshals were expressly charged, by their superior in command, to watch closely for all persons who might attempt to depreciate their currency." And it is immaterial whether or not defendant knew of the duress or violence. C. C. Art. 1846.

Plaintiff's consent to accept Confederate notes was forced, *produced by violence;* and, had he shown what he alleged, that he never used the notes given to him by defendant, we would not hesitate to give him relief. We think that, in order to recover, it was essential for him not only to allege but to prove that he retained and tendered the identical notes received by him ; but he has failed to make the necessary proof, which, it appears, he might have done, as the payment was made to or in the presence of his broker.

To permit him to offer other than the very notes given to him, would indirectly, at least, recognize in them the quality of currency as it would have reference to, and require the *sum* only in question, instead of the *unauthorized* evidence of that sum ; as in the case of the issue of a chartered bank, where any notes amounting to a particular sum are equal to any other notes of that issue amounting to the same sum. This is a recognition which this Court is not prepared to make.

And, besides, there is proof in the record that Confederate notes, at the time, had some value (however this value may have been imparted), and it would afford plaintiff the opportunity to barter or make merchandize of those received by him, and afterwards substitute or replace them at small cost, and thus actually realize the amount claimed in addition to a recovery from defendant.

We think plaintiff has failed to make out his case.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and that there be judgment of nonsuit in favor of defendant, with costs in both Courts.